DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **WAYNE L. SPRAUVE,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil No. 1999-02<br>) |
| **ARNOLD MASTROMONICO and MARIA MASTROMONICO,** | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**ATTORNEYS:**

**Wayne L. Sprauve, Esq.**
Christiansted, VI
    *Pro se plaintiff,*

**John H Benham, III, Esq.**
St. Thomas, VI
    *For Arnold and Maria Mastromonico.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Wayne L. Sprauve ("Sprauve") entitled "Petition for Reinstatement and to Vacate Order of July 21, 1999" (the "motion to vacate"). In his motion to vacate, Sprauve asks this Court to vacate its July 21, 1999, Order and reinstate him to the Bar of the District Court of the Virgin Islands.

### I.    FACTUAL AND PROCEDURAL HISTORY

Much of the factual and procedural history of this case is reported at *Sprauve v. Mastromonico*, 86 F. Supp. 2d 519 (D.V.I.

1999). Because the Court writes only for the parties, the Court recites only those facts necessary to reach its decision.

This case stems from a contract dispute between Sprauve and Arnold and Maria Mastromonico (the "Mastromonicos"). During the course of the litigation, Sprauve made alleged misrepresentations to the District Court and allegedly willfully and repeatedly failed to attend scheduled depositions. On June 2, 1999, the District Court ordered Sprauve to appear before the District Court on July 16, 1999, to show cause why he should not be held in contempt for those actions (the "July 2, 1999, Show Cause Order").

The Court provided Sprauve with advance notice of the allegations against him and the consequences if those allegations were determined to be well-founded. *Sprauve v. Mastromonico*, 86 F. Supp. 2d at 525 n.23. Indeed, the Court specifically advised the plaintiff of the possibility of suspension or disbarment. *Id.*

When Sprauve did not appear at the July 16, 1999, hearing, the Court found him in civil contempt. On July 19, 1999, the Court held a show cause hearing. At that hearing, Sprauve had the opportunity to respond to each allegation in the June 2, 1999, Show Cause Order. To accommodate an ongoing civil trial, the July 19, 1999, hearing was continued to July 21, 1999.

On July 21, 1999, Judge Thomas Moore rendered a decision from the bench disbarring Sprauve from practice before the District

Court of the Virgin Islands for numerous violations of the rules of professional conduct. On August 12, 1999, the Court entered an order *nunc pro tunc* to July 21, 1999, (the "Moore decision") and a memorandum opinion memorializing the reasons for Sprauve's disbarment.

Sprauve now moves, pursuant to Federal Rule of Civil Procedure 60(b), to vacate the Moore decision.

## II. <u>DISCUSSION</u>

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Federal Rule of Civil Procedure 60 ("Rule 60") in pertinent part provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The time within which a motion to vacate a judgment must be filed is outlined in Rule 60(c):

>   (c) Timing and Effect of the Motion.
>
>   (1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(c).

What constitutes a "reasonable time" under Rule 60(c)(1) depends on the circumstances of each case. *Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959). "A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *In re Diet Drugs Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010). Relief under Rule 60(b)(6) is extraordinary because it can be given for "any other reason justifying relief" and is not subject to an explicit time limit. *Coltec Indus. Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). Although a motion for relief under Rule 60(b)(6) "is not limited by any strictly

defined time period," that catch-all provision "is not intended as a means by which the time limitations of [Rule] 60(b)(1-3) may be circumvented." *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975).

### III. <u>ANALYSIS</u>

In his motion to vacate, Sprauve indicates that pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60") he seeks vacatur of the Moore decision. Sprauve argues that the Moore decision should be vacated due to a multitude of alleged procedural defects in the show cause proceedings. Significantly, Sprauve filed his motion to vacate more than 19 years after the Moore decision was entered.

To the extent Sprauve seeks relief for one of the reasons outlined in Rule 60(b)(1)-(3), that relief may only be available if his motion was made within one year of (1) the entry of the Moore decision or (2) the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1); *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230 n.7 (3d Cir. 2011); *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346 n.5 (3d Cir. 1987). Sprauve's motion easily exceeded the one-year limit. Thus, for example, if Sprauve asserts fraud, mistake, neglect, or newly discovered evidence as a basis for vacatur, his claim is untimely.

As more than one year has passed since the entry of the Moore decision, Sprauve's motion may be timely if the Moore decision has been satisfied or there is some other reason that justifies vacatur. The only limitation on such a petition is that it be made within a reasonable time. Presumably, one year is not the outer limit within which a reasonable time is defined. At the same time, where, as here, procedural deficiencies form the basis for Rule 60 relief, and such deficiencies were apparent at the time of judgment, the Court is unaware of any court finding a delay as long as Sprauve's to be reasonable. *See, e.g., In re Olick*, 311 Fed. App'x 529, 532 (3d Cir. 2008) (finding that the district court did not abuse its discretion in holding that a ten month delay was not a "reasonable time" where the claims presented were available at the time the order was entered); *Martinez-McBean v. Gov't of V.I.*, 562 F.2d 908, 913 n.7 (3d Cir. 1977) (doubting that 2.5-year delay would comply with the "reasonable time" requirement even if the case involved "extraordinary circumstances and the record contained sufficient evidence thereof"); *see also Smalis v. Huntingdon Bank (In re Smalis)*, 739 F. App'x 142, 143-44 (3d Cir. 2018) (finding that a Rule 60 motion, filed ten years after the entry of a bankruptcy order was unreasonably belated for purposes of Rules 60(b)(5)-(6)).

With respect to a motion under Rule 60(b)(4), the Third Circuit has explained that

> no passage of time can transmute a nullity into a binding judgment, and hence there is no time limit for such a motion. It is true that the text of the rule dictates that the motion will be made within a 'reasonable time.' See Fed. R. Civ. Proc. 60(b). However, nearly overwhelming authority exists for the proposition that there are no time limits with regards to a challenge to a void judgment because of its status as a nullity[.]

*United States v. One Toshiba Color TV*, 213 F.3d 147, 157 (3d Cir. 2000) (*en banc*). As the time limits of Rule 60(c)(1) do not necessarily apply to motions under Rule 60(b)(4), Sprauve's motion to vacate could be considered if the Moore decision was void.

Courts have found judgments to be void where the judgment "is one which, from its inception, was a complete nullity and without legal effect." *In re James*, 940 F.2d 46, 52 (3d Cir. 1991). A judgment is not void merely because it is erroneous or based upon precedent that is later deemed to be incorrect. *Marshall v. Bd. of Ed.*, 575 F.2d 417, 422 (3d Cir. 1978). Instead, a judgment may be deemed void and subject to relief under Rule 60 (b) (4), "if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law.'" *Id.* (citations omitted); *see, e.g., Kalb v. Feuerstein*,

308 U.S. 433, 438-40 (1940) (state judgment in violation of automatic bankruptcy stay void); *Raymark Indus., Inc. v. Lai*, 973 F.2d 1125, 1132 (3d Cir. 1992) (same). Thus, the scope of what constitutes a void judgment is narrow. *Page v. Schweiker*, 786 F.2d 150, 159 (3d Cir. 1986). "Only in the rare instance of a clear usurpation of power will a judgment be void." *Page*, 786 F.2d at 160 (quoting *Lubben v. Selective Serv. Sys. Local Bd.*, 453 F.2d 645, 649 (1st Cir. 1972)).

In "the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard," a judgment may be found void. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 261 (2010). As a general matter, the Third Circuit has held that the entry of a default judgment without proper service of a complaint renders that judgment void. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985); *see also United States v. One Toshiba Color TV*, 213 F.3d at 156 (finding a prior forfeiture proceeding that violated notice requirements to be void).

Here, the violations with which Sprauve was charged were made known to Sprauve well in advance of the July 19, 1999, hearing. Additionally, Sprauve had an opportunity to be heard. The Court is unaware of any authority where, as here, arguable

procedural defects not amounting to a deprivation of notice or the opportunity to be heard have led to a conclusion that the judgment is void.

Finally, it is undisputed that district courts have the inherent authority to suspend or disbar attorneys practicing before them. *See, e.g., In re Snyder*, 472 U.S. 634, 643 (1985) ("Courts have long recognized an inherent authority to suspend or disbar lawyers. This inherent power derives from the lawyer's role as an officer of the court which granted admission.") (citations omitted); *In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003) (noting that "individual district courts, 'like all federal courts, ha[ve] the power both to prescribe requirements for admission to practice before that court and to discipline attorneys' who appear before them") (alterations in original) (citations omitted). Indeed, "[t]here is little question but that district courts have the authority to supervise and discipline the conduct of attorneys who appear before them. This includes the inherent authority to suspend or disbar lawyers, provided such power is exercised within the parameters of due process." *In re Surrick*, 338 F.3d at 231 (3d Cir. 2003) (alterations in original) (internal quotation marks omitted) (citations omitted). "It is well settled that an 'elementary and fundamental requirement of due process in any

proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Nu-Look Design, Inc. v. C.I.R.*, 356 F.3d 290, 295 (3d Cir. 2004) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Because Sprauve was afforded notice and an opportunity to be heard, it is difficult to see how Sprauve's suspension suffered for want of due process.

In sum, Sprauve's motion provides no basis on which this Court could conclude that his motion is timely or that he is otherwise entitled to the relief that he seeks.[1] Accordingly, the Court will deny Sprauve's motion for Rule 60(b) relief.

Significantly, Sprauve is not without options for seeking reinstatement. Local Rule of Civil Procedure 83.2 in pertinent part provides:

> (1) After Disbarment or Suspension. An attorney suspended or disbarred may not resume practice until reinstated by order of this Court.
>
> (2) Hearing on Application. Petitions for reinstatement by an attorney who has been disbarred or suspended under this rule shall be filed with the Chief Judge of the Court who shall schedule the matter for consideration by the active district judges of this Court within thirty (30) days from receipt of the petition. In considering the petition for reinstatement, the active district judges shall enter the

---

[1] It is also worth noting that Sprauve has not provided any reason for the 19-year delay in bringing this motion.

order they deem appropriate. In considering the petition for reinstatement, the Court may schedule a hearing.

(3) The petitioner shall have the burden of demonstrating by clear and convincing evidence that the petitioner has the moral qualifications, competency and learning in the law required for admission to practice before this Court and that resumption of the practice of law will not be detrimental to the integrity of the bar, the administration of justice, or undermine the public interest.

(4) Conditions of Reinstatement. If the petitioner is found unfit to resume the practice of law, the petition shall be dismissed. If the petitioner is found fit to resume the practice of law, the judgment shall reinstate the petitioner, provided that the judgment may make reinstatement conditional upon the payment of all or part of the costs of the proceedings and upon the making of partial or complete restitution to parties harmed by the petitioner whose conduct led to the suspension or disbarment. This list is not intended to be exhaustive.

LRCi 83.2(k).

The premises considered, it is hereby

**ORDERED** that Sprauve's motion to vacate (ECF No. 134) is **DENIED;** and it is further

**ORDERED** that the Clerk of Court shall forward a copy of this order to Chief Judge Wilma A. Lewis.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**