DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WAYNE L. SPRAUVE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARNOLD MASTROMONICO and MARIA ) <br> MASTROMONICO, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:99-cv-0002 |

**APPEARANCES:**

**Wayne L. Sprauve, Esq.**
Christiansted, VI
　　*Pro se plaintiff,*

**John H Benham, III, Esq.**
St. Thomas, VI
　　*For Arnold and Maria Mastromonico.*

## ORDER

**BEFORE THE COURT** is the motion of Wayne L. Sprauve ("Sprauve") entitled "Petitioner's Motion to Declare This Court's Orders of July 21, 1999 and August 12, 1999, Respectively, Void Pursuant to F.R.Civ.P. 60(b)(4)." (ECF No. 138.) For the reasons outlined below, the Court will deny Sprauve's motion.

### I. FACTUAL AND PROCEDURAL HISTORY

Much of the factual and procedural history of this case is reported at *Sprauve v. Mastromonico*, 86 F. Supp. 2d 519 (D.V.I. 1999). Because the Court writes only for the parties, the Court recites only those facts necessary to reach its decision.

This case stems from a contract dispute between Sprauve and Arnold and Maria Mastromonico (the "Mastromonicos"). During the course of the litigation, Sprauve made alleged misrepresentations to the District Court and allegedly willfully and repeatedly failed to attend scheduled depositions. On June 2, 1999, the District Court ordered Sprauve to

appear before the District Court on July 16, 1999, to show cause why he should not be held in contempt for those actions (the "July 2, 1999, Show Cause Order").

The Court provided Sprauve with advance notice of the allegations against him and the consequences if those allegations were determined to be well-founded. *Sprauve*, 86 F. Supp. 2d at 525 n.23. Indeed, the Court specifically advised the plaintiff of the possibility of suspension or disbarment. *Id.*

When Sprauve did not appear at the July 16, 1999, hearing, the Court found him in civil contempt. On July 19, 1999, the Court held a show cause hearing. At that hearing, Sprauve had the opportunity to respond to each allegation in the June 2, 1999 Show Cause Order. After Sprauve presented his responses to the show cause order, the Court stated that it would take the allegations and responses under advisement and announce its decision on July 21, 1999.

On July 21, 1999, Judge Thomas Moore rendered a decision from the bench disbarring Sprauve from practice before the District Court of the Virgin Islands for numerous violations of the rules of professional conduct. On August 12, 1999, the Court entered an order *nunc pro tunc* to July 21, 1999, (the "Moore decision") and a memorandum opinion memorializing the reasons for Sprauve's disbarment.

On August 10, 2018, Sprauve moved to vacate the Moore decision pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 134.) In his motion, Sprauve argued that the Moore decision should be vacated due to a multitude of alleged procedural defects in the show cause proceedings.

On January 30, 2019, the Court entered an order denying Sprauve's motion to vacate the Moore decision. (ECF No. 136.) In that order, the Court concluded that Sprauve was not entitled to relief under Fed. R. Civ. P. 60(b)(1)-(3), (5), and (6) because his motion was untimely. *See id.* at 5-6, 10. The Court further concluded that Sprauve was not entitled to relief under Fed. R. Civ. P. 60(b)(4) because the Moore decision was not void. *See id.* at 7-10.

On June 30, 2019, Sprauve filed a motion entitled "Petitioner's Motion to Declare This Court's Orders of July 21, 1999 and August 12, 1999, Respectively, Void Pursuant to F.R.Civ.P. 60(b)(4)." (ECF No. 138.) Because the Court has already concluded that Sprauve is not

entitled to relief under Fed. R. Civ. P. 60(b)(4), the Court construes Sprauve's motion as a motion for reconsideration.

## II. DISCUSSION

Motions for Reconsideration are governed by Local Rule of Civil Procedure 7.3 which provides that:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
> 1. intervening change in controlling law;
> 2. availability of new evidence, or;
> 3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3 (2009); *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for appeals, *see El v. Marino*, 722 F. App'x 262, 267 (3d Cir. 2018), and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004). "Local Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

As a preliminary matter, Sprauve filed his motion for reconsideration five months after the Court entered its order denying him relief under Fed. R. Civ. P. 60(b). This is untimely under Local Rule of Civil Procedure 7.3. Further, Sprauve did not seek an extension of time from the Court to file his motion for reconsideration or present any good cause for his failure to comply with the deadline set by LRCi 7.3.

Nevertheless, even if Sprauve's motion for reconsideration were timely or there was otherwise good cause for filing the motion four and a half months late, Sprauve merely rehashes the arguments made in his motion to vacate. In essence, Sprauve simply disagrees

*Sprauve v. Mastromonico*
Case No. 3:99-cv-0002
Order
Page 4 of 4

with this Court's conclusion that he was afforded an opportunity to be heard. The Court finds no clear error or manifest injustice in its conclusion that Sprauve was afforded an opportunity to be heard.[1] As such, the Court will deny Sprauve's motion for reconsideration.

The premises considered, it is hereby

**ORDERED** that Sprauve's motion for reconsideration, ECF No. 138, is **DENIED**.

**Dated:** March 3, 2021                             */s/ Robert A. Molloy*
                                                     **ROBERT A. MOLLOY**
                                                     **District Judge**

---

[1] Sprauve's argument that he was not afforded an opportunity to be heard rests on his allegations that he was not permitted to present witnesses at his show cause hearing. Significantly, the Court held a hearing at which Sprauve testified. At that hearing, Sprauve had the opportunity to call witnesses. There is no indication that he attempted to do so. Only after the Court rendered its decision disbarring Sprauve from practice before the District Court of the Virgin Islands did Sprauve complain that he was not allowed to present witnesses. *See Sprauve v. Mastromonico*, 86 F. Supp. 2d 519, 527 n.30 (D.V.I. 1999). Such circumstances do not constitute a denial of the opportunity to be heard. *Cf. DLJ Mortg. Capital, Inc. v. Sheridan*, 975 F.3d 358, 368 (3d Cir. 2020) (rejecting a litigant's argument that he was not fully heard on an issue in part because the litigant never sought to present the additional testimony he claimed he was prevented from presenting).